UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY DAVIS, | No. 2:22-cv-00262-MCE-JDP |
| Plaintiff, | |
| v. | **ORDER** |
| COUNTY OF EL DORADO, et al., | |
| Defendants. | |

In 2005, Plaintiff Ricky Davis ("Plaintiff") was convicted for the 1985 stabbing death of one Jane Hylton. He served over a decade in prison before DNA evidence exonerated him and implicated a third party who has now pled guilty to the crime. Plaintiff's conviction has been vacated and he has been released. By way of the current action before this Court, Plaintiff seeks to recover for his constitutional injuries from El Dorado County and a number of public servants involved in his wrongful conviction. Presently before the Court are four Motions to Dismiss Plaintiff's First Amended Complaint ("FAC") in its entirety. ECF Nos. 12, 13, 15, 19. Those Motions are DENIED.[1]

---

[1] On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.

1

Plaintiff has adequately stated a claim and none of the arguments raised in any of the Motions are persuasive in the current posture.  The allegations in the FAC are more than sufficient to state federal constitutional claims and to override state law defenses or federal defenses such as qualified immunity.  It is not even a close call for the Court to permit Plaintiff's claims to proceed to discovery.[2]  Accordingly, each of the Motions to Dismiss (ECF Nos. 12, 13, 15, 19) are DENIED.[3]

IT IS SO ORDERED.

DATED:  October 21, 2022

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

[2] Defendants can test their legal theories later on a fully developed factual record.  The Court declines their invitation to supplement that record—which for now consists only of the FAC—by reference to the California appellate decision affirming Plaintiff's original conviction.  It defies logic to ask the Court to consider on a motion to dismiss facts set forth in an opinion affirming a conviction that was dead wrong.

[3] Because oral argument would not have been of material assistance, the Court ordered these matters submitted on the briefs.  E.D. Local Rule 230(g).

2